IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CURTIS BRYANT, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-11-1586 |
| | § | |
| KELLY STRONG, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit alleging violations of his constitutional rights by prison employees Kelly Strong, Kirt Stiefer, Amanda McClure, Jane L. King, and Marilyn King.[1] Defendants filed a motion for summary judgment (Docket Entry No. 51), to which plaintiff filed a response (Docket Entry No. 56.)

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

**I. Background and Claims**

Plaintiff complains that, on January 6, 2011, he and other Luther Unit inmates were ordered to pack their personal property and carry it to the prison unit's gymnasium for a unit-

---

[1] Plaintiff named prison employee Larry Turner as an additional defendant. Turner is no longer employed by the Texas Department of Criminal Justice, and was not served with process.

wide "shakedown." The purpose of the shakedown was to inspect inmates, their cells, and their property for contraband. Plaintiff claims that defendants McClure, King, and King, who were female officers, violated his Fourth Amendment right to privacy during the shakedown by conducting a body cavity search on him. He further claims that defendants Strong and Stiefer failed to train and supervise the three female employees. Plaintiff seeks declaratory and injunctive relief.

Defendants move for summary judgment dismissal of plaintiff's claims based on his failure to exhaust. Plaintiff argues that the Court cannot dismiss his lawsuit for failure to exhaust because he stated in his complaint that he had exhausted his claims.

## II. Analysis

### A. Summary Judgment Standards of Review

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A factual dispute will preclude a grant of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court may not weigh the evidence or make credibility determinations. *Id.* Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d

746, 754–55 (5th Cir. 2000). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S. at 247. Conclusory allegations, speculation, improbable inferences, or a mere scintilla of evidence, however, are insufficient to defeat a summary judgment motion. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754–55 (5th Cir. 2000).

B. <u>Failure to Exhaust</u>

42 U.S.C. § 1997e(a) states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Fifth Circuit Court of Appeals recently confirmed that the exhaustion requirement of section 1997e(a) is mandatory, non-discretionary, and cannot be waived or excused by the district courts. *Gonzalez v. Seal*, ___ F.3d ___, 2012 WL 6176482 (5th Cir. Dec. 12, 2012).

Plaintiff claims in his amended complaint that he was subjected to an unconstitutional body cavity search by, and in the presence of, the three female officers. (Docket Entry No. 49.) Defendants argue that plaintiff failed to exhaust this claim, and their argument is borne out by the record. In his step 1 grievance, plaintiff claimed that he was subjected to an unconstitutional strip search in that he was "told by male and females [sic] guards to open our mouths, raise our genitals, turn around and raise our feets [sic], bend over and spread our

3

buttocks, and turn around[.]" (Docket Entry No. 51, Exhibit F.) In the final sentence of his step 1 grievance plaintiff noted in general terms that "a cavity search" of a male prisoner in the presence of a female officer states a Fourth Amendment violation. *Id.* In his step 2 grievance, plaintiff reiterated his claim for an unconstitutional strip search, but made no mention of a body cavity search.

The terms "strip search" and "body cavity search" are two distinct types of inmate searches, defined in TDCJ policy AD-03.22 as follows:

> 'Body Cavity Search' consists of a visual, manual, or instrument inspection of the offender's body cavities.
>
> 'Strip Search' is when the offender removes all clothing to permit a total visual inspection of the offender's body (e.g., mouth, under tongue, nose, ears, anus, genitals, breasts, buttocks, bottoms of the feet). The offender shall be instructed to run the offender's fingers through the hair and remove dentures or false teeth. Clothing shall be searched while removed from the offender.

*Id.*, Exhibit A, Attachment 1. The policy provides that body cavity searches may be performed only by medical staff, upon authorization from the warden, under the following condition:

> When there is reasonable cause to believe that visual/pat searches and strip searches are insufficient to detect contraband that the offender is suspected to have ingested orally or inserted into a body cavity, the offender shall be subject to the removal of the contraband.

*Id.*

Strip searches, on the other hand, are to be performed according to the following policy provision:

4

> Male offenders shall generally be searched by a male officer; however, in extraordinary circumstances and when approved by a supervisor, the search may be conducted by a female officer. If, under ordinary circumstances, a female officer is present in the vicinity of a male offender being strip searched, the female officer's duty is solely to provide security for the searching officer. The female officer shall not actively participate in the strip search.

*Id.*

Although plaintiff stated in his amended complaint that the three female officers subjected him to an unconstitutional "body cavity search," the event he described in his step 1 grievance meets the AD-03.22 definition of a strip search, not a body cavity search, in that his mouth, anus, buttocks, genitals, and the bottoms of his feet were visually inspected.[2]

Defendants further argue that, whether he referenced a "strip search" or "body cavity search," plaintiff failed to exhaust his claims against defendants Strong, Stiefer, Jane King, and Marilyn King, as he named these individuals only in his step 2 grievance. It is well established that the Texas Department of Criminal Justice has a two-step grievance process that requires inmates to complete step 1 and step 2 grievances for a claim to be fully exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). As explained in *Johnson*, "the grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit, and for many types of

---

[2] Even assuming plaintiff reported an unlawful "body cavity search" in his step 1 grievance, the claim would be unexhausted, as he reported only an unlawful "strip search" in his step 2 grievance. Because prison policy recognizes these as two separate types of inmate searches, they are not interchangeable terms.

problems this will often require as a practical matter, that the prisoner's grievance identify the individuals who are connected with the problem." *Id.* at 522.

A review of plaintiff's step 1 grievance shows that he did not identify by name any female officers who allegedly administered his strip search; they are identified by name only in the step 2 grievance. Because plaintiff complains that these three defendants were the female officers who administered the allegedly unconstitutional strip search, such that his complaint is against the three female officers, *Johnson* would require that they be named in his grievances for purposes of notification and exhaustion. As noted by the Fifth Circuit in *Johnson*, a complaint about a correctional officer's behavior should identify a specific person, whereas a complaint about a prison condition might not need to identify any individual. *See Johnson*, 385 F.3d at 517. Consequently, plaintiff did not exhaust his claims against defendants McClure, King, and King regarding their alleged unlawful administration of his strip search, and those claims must be dismissed for failure to exhaust.

Defendants correctly argue that plaintiff's claims for failure to train and supervise as to defendants Strong and Stiefer must be also dismissed for failure to exhaust, as plaintiff raised these claims only in his step 2 grievance.

Plaintiff contends in his response to the motion for summary judgment that his claims cannot be dismissed for failure to exhaust because he stated in his complaint that he exhausted his claims, citing *Days v. Johnson*, 322 F.3d 863 (5th Cir. 2003). Plaintiff's

6

reliance on *Days* is procedurally misplaced, as this Court is not dismissing his lawsuit for failure to exhaust prior to ordering service of process on defendants.

### III. Conclusion

Prison policies and practices allowing male inmates to be strip searched in the presence of female officers are widely-utilized throughout state and federal prison systems, and the courts have generally recognized their constitutionality under the penumbra of "legitimate penological interests." *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Nevertheless, this Court expresses here its discomfort with such policies and practices. Although inmates may leave behind some constitutional rights when walking through the prison doors, courts and prisons should not lose sight of the fact that prisoners carry forward with them a right to basic human dignity.

Defendants' motion for summary judgment based on failure to exhaust (Docket Entry No. 51) is **GRANTED**, and plaintiff's claims against the defendants are **DISMISSED WITH PREJUDICE** for failure to exhaust. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 7th day of February, 2013.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE